# United States District Court
### EASTERN DISTRICT OF TENNESSEE

**UNITED STATES OF AMERICA**
    v.
  COREY GLENN PECK
    *Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 3:13-CR-35

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 22, 2016. The Court concludes that the following facts require the detention of the defendant pending a revocation hearing in this case.

### Part I - Findings of Fact

[ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    [ ] an offense for which the maximum sentence is life imprisonment or death.
    [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
    [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
[ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
[ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ] (1) There is probable cause to believe that the defendant has committed an offense
    [ ] for which a maximum term of imprisonment of ten years or more is prescribed.
    [ ] under 18 U.S.C. § 924(c).
[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[X] (1) There is a serious risk that the defendant will not appear.
[X] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

The Defendant was on supervised release at the time of the alleged violations. In order to gain release, therefore, the defendant must show that he should be released by the higher standard of clear and convincing evidence. United States v. Loya, 23 F.3d 1529 (9th Cir. 1994); The Bail Reform Act of 1984, (3rd Ed.), Federal Judicial Center (2006). The Government has alleged, and the Defendant has admitted to several violations of the terms of supervised release: multiple failed drug screens due to the use of methamphetamine, failure to reside at the approved residence, failure to obtain and/or report employment, and failure to attend drug and health treatment. In addition, the Defendant's mother and grandmother report acts of violence and a possible suicide attempt.

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

Based on the Bail Reform Act of 1984, and applicable case law, including but not limited to <u>United States v. Stone</u>, 608 F.3d 939 (6th Cir. 2010), and the evidence presented, the 18 U.S.C. § 3142(g) factors require detention: nature and circumstances of offense (drug trafficking is inherently dangerous); weight of the evidence of dangerousness (the government has established a criminal history and multiple prior violations of probation); history and characteristics of defendant (history of continued drug use (methamphetamine) while on supervised release, and the Defendant tested positive for methamphetamine when he was arrested on the arrest warrant). In addition, the defendant was engaged in obtaining and using illegal drugs at the time of his arrest, which occurred while he was on supervised release. Involvement in drug trafficking is inherently dangerous. <u>United States v. Hernandez</u>, 2002 WL 1377911 (E.D.Tenn. Edgar). <u>See</u> <u>also</u> <u>United States v. Williams</u>, 753 F.2d 329, 335 (4th Cir. 1985).

This is a case which carries a rebuttable presumption of detention. Based on the foregoing analysis, the Court finds that the Defendant has not rebutted the presumption in favor of detention established by statute.

The evidence and other information provided at the hearing established by clear and convincing evidence that the defendant poses a serious risk of danger to another person or the community and is a risk to not appear as required. Accordingly, no condition or combination of conditions will reasonably assure the safety of individuals or the community, if the defendant were to be released on bond, or to assure that the Defendant will appear. Therefore, the defendant shall be detained pending his trial.

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 23, 2016             s/ H. Bruce Guyton
United States Magistrate Judge